WYNN, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority opinion that courts retain the power to sanction attorneys after a remand to state court. But in my view, so did the district court.
The district court rightfully understood that it generally could sanction the parties here — that is why it denied, instead of dismissing for lack of jurisdiction, the sanctions motions. It is clear that the district court determined that the complained — of conduct did not warrant sanc *1014 tions. Its determination is, however, so sparse that we cannot properly review it. I therefore agree that the matter should be remanded to the district court, solely for further explanation of the decision to deny sanctions.
I.
Although my fine colleagues in the majority opinion frame the first issue before us as “whether a district court retains jurisdiction to impose sanctions after remanding an action to state court,” ante at 1008, I do not believe that this is an issue we must address — because the district court understood perfectly well that it did.
Indeed, nothing in the district court’s order on appeal suggests that the court believed that it generally lacked jurisdiction to impose sanctions for attorney misconduct after noted that while it found counsel’s conduct “troubling,” the court was “not convinced that counsel’s conduct is sanctionable.” J.A. 1106. That is why the district court simply denied the motions rather than dismissing them for lack of jurisdiction.[1]
Additionally, the district court recognized that Defendant sought only one sanction' — -“for the Court to strike the orders of remand[,]” J.A. 1106, and apparently believed that such relief would effectively constitute reconsideration, which 28 U.S.C. § 1447(d) prohibits. Nevertheless, the district court deemed the challenged conduct unworthy of sanctions. Therefore, so long as that determination stands, any error in the district court’s Section 1447(d) analysis was harmless.
That being said, I agree with the majority opinion that this matter should be remanded to the district court. At bottom, the parties dispute whether Plaintiffs, through counsel, misrepresented to the federal district court that there existed the “slightest] possibility of a right to relief’ or a “glimmer of hope” on their claims against Maryland state defendants such that remand to state court was appropriate. J.A. 368. After remand to state court, Plaintiffs, through counsel, represented their matters as one-defendant cases. I find the district court’s abbreviated analysis — that the statements were made by different lawyers in different contexts, with no elaboration or explanation— insufficient to allow for appellate review. I therefore agree that we should remand to the district court for further explanation of its decision. See, e.g., Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir.1990) (remanding for reconsideration a denial of sanctions “where the circumstances and the record do not clearly reflect the reasons for the district court’s disposition”), overruled in part on other grounds, Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).
II.
In sum, the majority opinion makes an issue where none exists. I cannot agree with that undertaking — but do agree with the majority that the district court’s sanctions determination is too minimalist to review. Therefore, I would remand solely for further explanation of that determination.[2]
*1015 . Finally, we all should bear in mind that federal courts have no monopoly on the ability to sanction attorney misconduct. If counsel engages in misconduct after a matter has been remanded to state court, we should “have every confidence that the [state court] has the authority and judicial resourcefulness, to deal with such a problem.” Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d 112, 116 n. 3 (4th Cir.1979).[3]

. My fine colleagues in the majority opinion frame the second issue before us as "whether an appeals court can review a district court’s determination regarding the imposition ' of sanctions in such a circumstance." Ante at 1008. But, frankly, I fail to see why that needs to be addressed here, particularly given that we are remanding.

. An unaddressed question in this appeal is how, procedurally, these cases would make their way from state court back to federal court and whether their doing so would of *1015 fend either the Anti-injunction Act, 28 U.S.C. § 2283, or the notions of comity underpinning it.

. The entirety of Three J Farms footnote three is worth noting:
In his order ..., the district judge referred to certain conduct of counsel for the plaintiffs which had occurred subsequent to his [prior remand] order ... and indicated that the attorneys were using the state litigation to "harass the defendants.” Having divested itself of jurisdiction by the original remand order, the district court had no continuing supervisory authority over the conduct of counsel, nor was any such conduct an appropriate basis for vacation of the remand. We might add that if, in fact, the plaintiffs were using the state litigation in an improper manner, we have every confidence that the South Carolina Court has the authority and judicial resourcefulness to deal with such a problem.

Id.